ZBS Law, LLP
Nichole L. Glowin, SBN 262932
30 Corporate Park, Suite 450
Irvine, CA 92606
Phone: (714) 848-7920
Facsimile: (714) 908-2615
Email: bankruptcy@zbslaw.com

Attorney for Defendants, SAVINGS BANK OF MENDOCINO
COUNTY and ZBS LAW, LLP

# UNITED STATES BANKTUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br>JAYNENE MELISSA JOHNSON,<br><br>Debtor.<br>_____<br><br>JAYNENE M. JOHNSON,<br><br>           Plaintiff,<br><br>v.<br><br>SAVINGS BANK OF MENDOCINO<br>COUNTY; ZBS LAW, LLP; TERRI L.<br>CIPPONERI and DOES 1-10,<br><br>           Defendants. | Adversary Case No: 25-01022<br><br>Bankruptcy Case No.: 25-10698<br><br>Chapter: 7<br><br>**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP 12(b)(6); FRBP 7012]**<br><br>*[Filed Concurrently with Notice of Hearing; Request for Judicial Notice]*<br><br><u>**Hearing:**</u><br>Date: January 23, 2026<br>Time: 11:00 a.m.<br>Courtroom: 215<br>Place: U.S. Bankruptcy Court<br>       1300 Clay Street<br>       Oakland, CA 94612 |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY**

**COURT JUDGE, AND ALL OTHER INTERESTED PARTIES:**

-1-

Case: 25-01022   Doc# 9   Filed: 12/24/25   Entered: 12/24/25 11:12:44   Page 1 of 25

**PLEASE TAKE NOTICE THAT** Defendant SAVINGS BANK OF MENDOCINO COUNTY ("Savings Bank") and Defendant ZBS Law, LLP ("ZBS") (sometimes collectively referred to herein as "Defendants") hereby move this Court for an order dismissing the above-entitled and numbered adversary complaint ("Complaint") of Plaintiff JAYNENE M. JOHNSON ("Plaintiff"), and all of the claims asserted against Defendants in the action, on the grounds that Plaintiff's pending Chapter 7 bankruptcy divests Plaintiff of standing to bring any action against Defendants, and that each cause of action fails to state a claim for which relief can be granted pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12 (b)(6) and Federal Rules of Bankruptcy Procedure 7012.

As a preliminary matter, Plaintiff's entire Complaint should be dismissed as she lacks standing to prosecute this action. It is beyond dispute that Plaintiff's underlying bankruptcy is an active Chapter 7 matter under the sole control of the Chapter 7 Trustee. Accordingly, pursuant to 11 U.S.C. § 348(f), § 541(a)(1) and well-established bankruptcy law, the Chapter 7 Trustee holds the sole authority and power to bring any adversary action on behalf of the estate.

Secondly, as to the substance of the Complaint, FRCP 12(b)(6) provides a defense to claims for failure to state grounds upon which relief can be granted. Defendants submit that the entire complaint fails as Plaintiff seeks to challenge foreclosure without valid tender. Similarly, Plaintiff also seeks relief against Defendant ZBS in violation of the California's foreclosure trustee privilege. For these reasons alone, Plaintiff' Complaint should be dismissed without leave to amend. Should any shred of the Complaint survive, each cause of action individually fails as a matter of fact or law:

1. Plaintiff's first cause of action for TILA rescission fails as it is insufficiently pled, involves a re-finance loan that is exempt and cannot be rescinded under 15 U.S.C. § 1635 and Plaintiff has failed to allege tender.

2. Plaintiff's second cause of action for RESPA violations under 12 U.S.C. 2605(e) fail as they lack context or detail evidencing submission of a valid qualified written request related to loan servicing and do not establish any actual injury resulting from Defendant, Savings Bank's, alleged failure to respond.

3. Plaintiff's third cause of action for wrongful foreclosure fails as Plaintiff has not pled any irregularity regarding the foreclosure process nor alleged a valid tender.

4. Plaintiff's fourth cause of action for "objection to claim" fails as Defendants have not filed any claim and no such claim can/would exist given the pre-petition foreclosure sale on the subject real property.

5. Plaintiff's fifth cause of action for violation of the California Rosenthal Act fails as it does not allege any threatening, deceptive or harassing conduct on the part of Defendants and Defendants' foreclosure activity does not qualify as debt collection.

This Motion is based upon this Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and other papers on file in this action, and upon such oral and documentary argument and evidence that may be presented by the parties at the time of the hearing of this Motion.

Pursuant to Bankruptcy Local Rule 7012-1, Defendants' consent to the entry of a final order or judgment by the bankruptcy court.

DATED: December 24, 2025    ZBS LAW, LLP

         By: _/s/Nichole L. Glowin_____
          Nichole L. Glowin, Esq.
          Attorneys for Defendants,
          SAVINGS BANK OF MENDOCINO
          COUNTY and ZBS LAW, LLP

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Table of Contents**

I. INTRODUCTION AND STATEMENT OF FACTS................................................................7

II. LEGAL STANDARD..........................................................................................................9

III. LEGAL ARGUMENT........................................................................................................10

   A. The Entire Complaint Should Be Dismissed As Plaintiff Lacks Standing................................10

   B. Plaintiff's Entire Complaint Should Be Dismissed as to Defendant ZBS as ZBS's Actions Are Privileged........................................................................................................................11

   C. The Entire Complaint Fails for Lack of Specificity Pursuant to FRCP 8 and Should Be Dismissed.......................................................................................................................15

   D. Plaintiff's Complaint Should Be Dismissed As it Fails to Allege a Valid Tender....................16

   E. Plaintiff's Claim for TILA Rescission Fails ........................................................................17

   F. Plaintiff's RESPA Allegations Fail to State a Claim .............................................................21

   G. Plaintiff's Claim for Wrongful Foreclosure Fails...............................................................22

   H. Plaintiff's Claim for Objection to Proof of Claim Fails .......................................................23

   I. Plaintiff's Claim for Violation of the California Rosenthal Act Fails .....................................23

   J. Leave to Amend Should Not Be Granted .............................................................................24

IV. CONCLUSION ..................................................................................................................25

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**Cases**

*Abdallah v. United Savings Bank* (1996)...................................................................16, 17

*Arnolds Management Corp. v. Fisher* (1984).....................................................................16

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...............................................................9, 15, 21

*Bell Alt. Corp. v. Twombly*, 550 U.S. 544 (2007).........................................................10, 22

*Bostonian v. Liberty Savings Bank, F.S.B.* 52 Cal.App. 4th 1075, 1081 (1997) ................................10

*Calderon v. Endres,* 2009 WL 1953400 * 5 (S.D. Cal., July 7, 2009)..............................................20

*California Livestock Production Credit Assn. v. Sutfin* (1985) ..................................................12

*Curtis v. Option One Mortgage Corp.*, 2010 WL 1729770 (E.D. Cal., Apr. 28, 2010).....................19

*E. Associates v. Safeco Title Ins. Co.* (1985) ................................................................11

*Esoimeme v. Wells Fargo Bank*, No. 10-2259, 2011 WL 3875881, *13 (E.D. Cal. Sept. 1, 2011).....22

*Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) ............................................................10

*Garcia v. Wachovia Mortg*, 676 F.Supp.2d 895 (C.D. Cal. 2009) ........................................17

*Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895 (2009) ......................................20

*Garza v. American Home Mortg.*, 2009 WL 188604, *5 (E.D. Cal., 2009)................................20

*Givant v. Vitek Real Estate Indus. Group, Inc.*, No. 11-03158, 2012 WL 2912357, *7 (E.D. Cal. July
   16, 2012)..............................................................................................22

*Glaser v. Nationstar Mortg., LLC*, No. 16-CV-07245-LB, 2017 WL 1861850, at *17 (N.D. Cal. May
   9, 2017)................................................................................................21

*Hatch v. Collins* (1990).........................................................................................12

*Herrera v. Fed. Nat'l, Mortg. Ass'n*, (2012) ..............................................................23

*In re Landry*, 493 B.R. 541 (Bankr. E.D. Cal. 2013) ....................................................24

*Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193 (C.D. Cal. 2008)..................................24

*Kachlon v. Markowitz* (2008) ..............................................................................13

*Karlsen v. American Savings & Loan Assoc.* (1971)......................................................16

*Karlsen v. American Savings & Loan Assoc.*, 15 Cal. App. 3d 112 (1971) ............................20

*King v. State of Cal.,* 784 F.2d 910 (9th Cir. 1986)......................................................17

-5-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION
TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF**

1  *Livid Holdings Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005) ............................10

2  *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035 (9th Cir. 2000)...........................................23

3  *Mandrigues v. World Savings, Inc.,* 2009 WL 160213 *4 (N.D. Cal., January 20, 2009) ..................21

4  *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661 (9th Cir. 2012).........................................................21

5  *Miles v. Deutsche Bank Nat'l Trust Co.* (2015).................................................................................22

6  *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F.Supp.2d 1034 (C.D.Cal.2008) .................17

7  *Nguyen v. Calhoun* (2003).................................................................................................................16

8  *Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2004)...........................................................................25

9  *Partain & Cunningham v. Hollis* (1987) ..........................................................................................11

10  *Ram v. OneWest Bank, FSB*, 234 Cal.App.4th 1, 21 (2015) .........................................................23

11  *Residential Capital v. Cal-Western Reconveyance Corp.* (2003)........................................................11

12  *Roemer v. Retail Credit Co.* (1970) ...................................................................................................15

13  *Sanborn v. Chronicle Pub. Co.* (1976) .............................................................................................13

14  *Schep v. Capital One, N.A.* (2017).....................................................................................................15

15  *Schwarz v. United States*, 234 F.3d 428 (9th Cir. 2000) ...............................................................10

16  *Shaw v. Hahn*, 56 F.3d 1128, 1129, fn. 1 (9th Cir. 1995).............................................................10

17  *Smith v. Arthur Anderson LLP* 421 F.3d 989 (9th Cir. 2005) ........................................................10

18  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).................................................................................10

19  *Taus v. Loftus* (2007) .......................................................................................................................13

20  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).................................................9

21  *United States Cold Storage v. Great Western Savings & Loan Assoc.* (1985)..............................16, 17

22  *Vournas v. Fidelity Nat. Tit. Ins. Co.* (1999) .................................................................................12

23  *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir.2003) .................................................19, 20

24

25

26

27

28

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant SAVINGS BANK OF MENDOCINO COUNTY ("Savings Bank") and Defendant ZBS Law, LLP ("ZBS") (sometimes collectively referred to herein as "Defendants") submit the following memorandum of points and authorities in support of their Motion to Dismiss ("Motion") Plaintiff's, JAYNENE M. JOHNSON ("Plaintiff"), above-captioned adversary complaint ("Complaint") pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12 (b)(6) and Federal Rules of Bankruptcy Procedure ("FRBP") 7012.

## I. INTRODUCTION AND STATEMENT OF FACTS

1.     On or about May 15, 2017, Plaintiff executed a Variable Interest Rate Revolving Line of Credit Agreement ("2017 Note") in the principal sum of $80,000.00 in favor of Defendant, Savings Bank. The 2017 Note was secured by a first-position Deed of Trust ("2017 DOT") recorded on title to the real property commonly known as 25155 Brooktrails Drive, Willits, CA 95490 ("Property") in the Mendocino County Recorder's Office as Instrument No. 2017-06697. The 2017 Note and 2017 DOT are collectively referred to herein as the "2017 Loan." A true and correct copy of the 2017 DOT is attached as **Exhibit A** to the Request for Judicial Notice ("RJN") filed concurrently herewith.

2.     In February 2024, Plaintiff completed a re-finance transaction concerning the 2017 Note and DOT with Defendant, Savings Bank. Specifically, on February 27, 2024, Plaintiff executed a Promissory Note in the principal amount of $80,800.00 ("2024 Note"). The 2024 Note was and is secured by a first position Deed of Trust ("2024 DOT") recorded on title to Property in the Mendocino County Recorder's Office as Instrument No. 2024-01661. The 2024 Note and 2024 DOT are collectively referred to herein as the "2024 Loan." True and correct copies of the 2024 Note and 2024 DOT are attached to the RJN as **Exhibit B**.

3.     The funds from the 2024 Loan were used to re-finance/payoff the 2017 Loan as evidenced by the Substitution of Trustee and Deed of Reconveyance recorded on title to the Property in the Mendocino County Recorder's Office on March 11, 2024, as Instrument No. 2024-01877 ("2017 Lien Release"). A true and correct copy of the 2017 Lien Release is attached to the RJN as **Exhibit C**.

4.        Plaintiff defaulted under the 2024 Note and DOT, and as a result, on January 30, 2025, Savings Bank, executed a Substitution of Trustee which substituted Defendant ZBS as trustee under the 2024 DOT and recorded the same in the Mendocino County Recorder's Office as Instrument No. 2025-01278 ("SOT"). A true and correct copy of the SOT is attached to the RJN as **Exhibit D**.

5.        Per Savings Bank's instructions, on February 14, 2025, ZBS, as trustee under the 2024 DOT, recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") in the Mendocino County Recorder's Office as Instrument No. 2025-01279. A true and correct copy of the NOD is attached to the RJN as **Exhibit E.**

6.        Due to Plaintiff's persisting default and at Savings Bank's instruction, on May 28, 2025, ZBS, as trustee under the 2024 DOT, recorded a Notice of Trustee's Sale ("NTS") on title to the Property in the Mendocino County Recorder's Office as Instrument No. 2025-04379. The NTS reflected that a foreclosure sale was originally scheduled to occur on the Property on June 25, 2025. A true and correct copy of the NTS is attached to the RJN as **Exhibit F.**

7.        The initial foreclosure sale was postponed on several occasions due a bankruptcy petition filed by Plaintiff. Specifically, on June 23, 2025, Plaintiff filed a voluntary Chapter 13 petition in the United States Bankruptcy Court for the Northern District of California, as Case No. 25-10374 ("First BK Action"). The First BK Action was dismissed on September 30, 2025 for failure to file documents ("First BK Dismissal"). True and correct copies of the Docket for the First BK Action and the First BK Dismissal are attached to the RJN at **Exhibits G and H**.

8.        On October 7, 2025, Savings Bank by and through its foreclosure trustee, ZBS, proceeded with and completed a foreclosure sale on the Property, wherein the Property was sold to a third-party purchaser, James Watson ("Watson").  A Trustee's Deed Upon Sale evidencing completion of the foreclosure sale was recorded on title to the Property by Watson in the Mendocino County Recorder's Office as Instrument No. 2025-09343 ("TDUS"). A true and correct copy of the TDUS is attached to the RJN as **Exhibit I**.

9.        On October 30, 2025, Plaintiff filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California, as Case No. 25-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

10698 ("Current BK Action"). A copy of the docket for the Current Bankruptcy Action is attached to the RJN as **Exhibit J**.

10.     Plaintiff's Schedules filed in Current BK reflect that 1) Plaintiff allegedly owns the subject Property valued at $335,400.00 and a second rental property (Schedule A); 2), that Plaintiff allegedly has $1,500,000.00 damage claim against Savings Bank related to the foreclosure on the Property (Schedule B); 3) that Plaintiff is claiming a $600,000.00 homestead exemption on the Property ("Schedule C); 4) that the subject Property is allegedly encumbered by the 2024 Note and DOT held by Defendant Savings Bank (Schedule D); 5) that Plaintiff has $1,233.20 in unsecured debt ("Schedule E); 6) that Plaintiff earns $1,015.00 from her employment, $1,450.00 from a rental property, $768.00 in social security and $547.00 in EBT/Food Stamps for a total income of $3,780.00 (Schedule I) and 7) after the deduction of all expenses makes -$426.00 in monthly disposable income. True and correct copies of Plaintiff's Schedules A/B, D, E, I & J are attached to the RJN at **Exhibit K**, collectively.

11.     On November 24, 2025, Plaintiff filed an adversary complaint associated with the Current BK Action against Savings Bank, ZBS as foreclosure trustee, and Terri L. Cipponeri ("Cipponeri") as Adversary Case No. 25-01022 ("Adversary Action"). The operative Complaint filed in the Adversary Action includes causes of action for 1) voidance of the 2024 Note and DOT due to TILA Recission; 2) Violation of RESPA 12 U.S.C. § 2605(e); 3) Wrongful Foreclosure; 4) Objection to Claim and 5) Violation of California Rosenthal Act ("Complaint"). A true and correct copy of the Complaint filed in the Current Adversary is attached to the RJN as **Exhibit L.**

## II.  LEGAL STANDARD

A party may move to dismiss a complaint when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6  In ruling on a motion to dismiss, courts consider the "well-pleaded factual allegations" in a complaint, "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

However, courts may disregard legal conclusions. *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). In addition, courts need not accept the truth of allegations contradicted by judicially noticeable facts, *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129, fn. 1 (9th Cir. 1995). Courts must dismiss a complaint if it fails to "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" or fails to "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts need not grant leave to amend when amendment would be futile, and "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). Here, further amendment would be futile as it is clear the Complaint cannot be saved by amendment. As such, Defendants respectfully request that their Motion to Dismiss be granted without leave to amend.

## III. LEGAL ARGUMENT

### A. The Entire Complaint Should Be Dismissed As Plaintiff Lacks Standing

Every action must be prosecuted in the name of the real party in interest. *FRCP* 17(a)(1). Here, Plaintiff is not the real party in interest with standing to assert the claims referenced in her pleadings.

The filing of any bankruptcy petition creates a bankruptcy estate under 11 U.S.C. § 348(f). A debtor's bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case" (11 U.S.C. § 541(a)(1)) and has been broadly construed to include a debtor's prepetition causes of action and/or claims for relief. *Smith v. Arthur Anderson LLP* 421 F.3d 989, 1002 (9th Cir. 2005). "[A] Chapter 7 debtor may not prosecute his or her own causes of action belonging to the bankruptcy estate unless the claim has been abandoned by the trustee." *Bostonian v. Liberty Savings Bank, F.S.B.* 52 Cal.App. 4th 1075, 1081 (1997).

Plaintiff filed the underlying Chapter 7 Current BK Action associated with this Adversary Action on October 30, 2025 (See RJN at **Exhibit J**). Plaintiff's Complaint challenges the validity of 2024 Loan on the basis of alleged TILA recission, RESPA violations concerning qualified written requests, California Rosenthal Act violations and Defendants' alleged improper foreclosure actions; all of which occurred pre-petition. Plaintiff's pre-petition causes of action contained in the Complaint are property of Plaintiff's bankruptcy estate under 11 U.S.C. § 541 (a). At present, the Chapter 7 Trustee has not abandoned or administered the claims pursuant to 11 U.S.C. §554 (*Id).* Therefore, Plaintiff has no standing to prosecute this action as such power lies exclusively with the Chapter 7 trustee.

### B.  Plaintiff's Entire Complaint Should Be Dismissed as to Defendant ZBS as ZBS's Actions Are Privileged

Not one of the Complaint's five causes of action directed at ZBS is legally viable.  ZBS is merely a statutorily designated nonjudicial foreclosure trustee and, as such, is cloaked in long-standing and well-established statutory privileges.  Under a deed of trust containing a power of sale like the loan in this matter, the borrower, or "trustor," conveys nominal title to the property to an intermediary, the "trustee," who holds that title as security for repayment of the loan to the lender, or "beneficiary." *See,* 1 Cal. Real Estate Finance Practice: Strategies and Forms (Cont.Ed.Bar 2007) §§ 4.3–4.6, pp. 196–199; 4 Miller & Starr, Cal. Real Estate (3d ed. 2000) § 10:2, p. 15 (4 Miller & Starr).

A trustee under a deed of trust is ***not*** considered to be a trustee in the traditional sense of that term.  "Although commonly called a 'trustee,' a trustee under a deed of trust is not the kind of trustee identified in former Civil Code section 2229.  A trustee under a deed of trust has neither the powers nor the obligations of a strict trustee; he serves as a kind of common agent for the parties." *Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 955 (citations and footnote omitted). The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist. *I. E. Associates v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, at 287–288; *Residential Capital v. Cal-Western Reconveyance Corp.* (2003) 108 Cal.App.4th 807, 827.  The trustee under a deed of trust is not the trustor's fiduciary. *Hatch v. Collins*

-11-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 11 of 25

(1990) 225 Cal. App. 3d 1104, 1111; *California Livestock Production Credit Assn. v. Sutfin* (1985) 165 Cal. App. 3d 136, 141-142. These duties cannot be expanded by the Courts and no other common law duties exist. *See, Civil Code* § 2934a, "conferring no other duties upon the trustee than those which are incidental to the exercise of the power of sale."

Accordingly, a trustee's duties are typically twofold: (1) to "reconvey" the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon the trustor's default, resulting in a sale of the property. *Vournas v. Fidelity Nat. Tit. Ins. Co.* (1999) 73 Cal.App.4th 668, 677; *see*, 4 Miller & Starr, supra, §§ 10:4, p. 23, 10:111, p. 340.

Pursuant to well-established California law, ***the conduct of ZBS as the statutory foreclosure trustee was privileged at all times relevant in this matter***. The Complaint is based exclusively on ZBS's conduct relating to the foreclosure process, therefore, absent a showing of malice, ZBS's conduct was privileged as a matter of law under *Civil Code* §§ 47 and 2924(d).

*Civil Code* § 47 provides as follows:

A privileged publication or broadcast is one made:

(a) In the proper discharge of an official duty.

(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure…

(c) In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

*Civil Code* § 2924 provides, in relevant part, as follows:

\*\*\*

(b) In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage. In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4.

-12-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022   Doc# 9   Filed: 12/24/25   Entered: 12/24/25 11:12:44   Page 12 of 25

\*\*\*

(d) All of the following shall constitute privileged communications pursuant to Section 47:

(1) The mailing, publication, and delivery of notices as required by this section.

(2) Performance of the procedures set forth in this article.

(3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure.

Thus, any action or recovery is barred as to ZBS. The California Court of Appeal, in *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316 ("*Kachlon*"), analyzed the statutory scheme for nonjudicial foreclosure trustees and held that *Civil Code* § 2924 deems the statutorily required mailing, publication, and delivery of notices in a nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, to be **privileged communications** under the qualified common interest privilege of *Civil Code* § 47 (c)(1). *See*, *Kachlon, supra* at 340, 344. Additionally, the Court in *Kachlon* also noted that another provision of Civil Code § 2924 grants a trustee immunity for <u>any</u> good faith error resulting from reliance on information provided in good faith by the lender regarding the nature and the amount of the default under the deed of trust. *See*, *Kachlon,* supra at 341. For this reason, as well, ZBS's conduct remains privileged.

The Complaint has no factual assertions that ZBS acted with malice. The common interest privilege discussed above applies to "a communication, without malice, to a person interested therein … by one who is also interested." *Civil Code* § 47 (c); *See*, *Kachlon, supra* at 339. For the purposes of section 47's qualified privilege, "malice" means that the defendant (1) "'was motivated by hatred or ill will towards the plaintiff,'" or (2) "'lacked reasonable grounds for [its] belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.'" *Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 413; *Taus v. Loftus* (2007) 40 Cal.4th 683, 721; *Civil Code* § 48a(d)(4) (defining "actual malice" as "hatred or ill will toward the plaintiff"). "Malice" means conduct which is <u>intended by the defendant</u> to cause injury to the plaintiff or <u>despicable conduct</u> which is carried on by the defendant with a <u>willful and conscious disregard</u> of the rights or safety of

-13-

DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 13 of 25

others. *Civil Code* § 3294. Here, Plaintiff has not established intent (nor can she), or that ZBS's conduct was despicable and committed in a willful and conscious disregard. Again, ZBS simply sent the statutory foreclosure notices, conducted a public auction of the property, and issued the TDUS to the highest bidder, as obligated under the DOT and the California Civil Code. Plaintiff does not (and cannot) allege otherwise.

On the issue of malice, the court in *Kachlon* noted as follows (*Id.*, at 339-341, 343-435 (emphasis added)):

> This privilege is a natural fit for nonjudicial foreclosure. The trustee's statutory duties in effectuating the foreclosure are designed, in major part, to communicate relevant information about the foreclosure to other interested persons. The statutory notice of default is intended to give notice of the trustor's default to "the trustor, the trustor's successors, to junior lienors, other interested persons, and … to the world." (4 Miller & Starr, supra, § 10:181, p. 553.) Similarly, the notice of sale is intended to communicate necessary information concerning the impending sale to the same persons. (See generally 4 Miller & Starr, supra, § 10:199, pp. 623–629; see also 1 Bernhardt, Cal. Mortgage and Deed of Trust Practice, supra, § 2.31, p. 81.) Thus, the trustee's statutory duties in nonjudicial foreclosure are consistent with the type of communications from one interested party to another covered by the common interest privilege… **Trustees … need to have clearly defined responsibilities to enable them to discharge their duties efficiently and to avoid embroiling the parties in time-consuming and costly litigation**. In taking all of these concerns into account, the statutes strike an overall balance favoring the protection of trustors." (*I. E. Associates*, supra, 39 Cal.3d at p. 288.)…The qualified common interest privilege, on the other hand, would provide a significant level of protection to trustees, leaving them open to liability only if they act with malice. At the same time, it preserves the ability of trustors to protect against the wrongful loss of property caused by a trustee's malicious acts….

> Thus, unless Best Alliance acted with malice, it is immune from liability under the common interest privilege…. As a matter of law, the evidence failed to show that Best Alliance acted with malice…The Markowitzes assert that by failing to obtain the original note and deed of trust, Best Alliance acted with reckless disregard as to whether the notice of default was warranted. We disagree. **"[M]ere negligence in making 'a sufficient inquiry into the facts on which the statement was based' does [not], of itself, relinquish the privilege. 'Mere inadvertence or forgetfulness, or careless blundering, is no evidence of malice.'** While '[the] concept of negligence is inherent in

-14-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 14 of 25

the issue of probable cause' [citation], the decisions long ago recognized that **to constitute malice the negligence must be such as 'evidenced a wanton and reckless disregard of the consequences and of the rights and of the feelings of others'** (*(Roemer v. Retail Credit Co.* (1970) 3 Cal.App.3d 368, 371, 83 Cal.Rptr. 540*; see Noel, supra,* 113 Cal.App.4th at pp. 1370–1371, 7 Cal.Rptr.3d 216.)

Accordingly, the Court of Appeal inferred that trustee's omissions in *Kachlon* were, *at worst,* negligent. No evidence suggested that it acted with ill will or with reckless disregard for the truth and the court properly concluded that the trustee's conduct thus constituted privileged communications. In 2017, the Court of Appeal again reiterated its holdings related to the trustee's privilege and plaintiff's burden to prove actual malice in *Schep v. Capital One, N.A.* (2017) 12 Cal.App 5th 1331. Plaintiffs simply cannot overcome this privilege.

Just as in *Kachlon*, Plaintiff has offered no evidence that ZBS acted with ill will or with reckless disregard for the truth. The Complaint has no specific allegations against ZBS and focuses solely on issues related to the inception and servicing of the 2024 Loan, to which ZBS holds no interest and is not a party thereto. Further, Plaintiff's mere suggestion that the initial institution of foreclosure is invalid due to the alleged "TILA rescission," "RESPA violations" and "California Rosenthal Act violations" fails to create any exception to the rule as they lack specificity to meet Plaintiff's pleading burden, do not establish ill will/disregard for the truth and involve servicing/loan management actions to which ZBS was not a party. Accordingly, all of Plaintiff's causes of action, which are hinged on the alleged "wrongful foreclosure" fail as to Defendant ZBS and must be dismissed with prejudice.

## C. The Entire Complaint Fails for Lack of Specificity Pursuant to FRCP 8 and Should Be Dismissed

FRCP Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," which must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) at 678.

Plaintiff's allegations are vague and disorganized. Indeed, Plaintiff does not identify any legal basis for her claims. Instead, Plaintiff's Complaint is predicated entirely on unsupported conclusions

-15-

DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case: 25-01022   Doc# 9   Filed: 12/24/25   Entered: 12/24/25 11:12:44   Page 15 of 25

that contain no facts to support Plaintiff's claims or her over-arching contention that the foreclosure on the Property was wrongful. (*See,* RJN at **Exhibit L**, Complaint, generally.) This violates FRCP Rule 8. As a result, Defendants are prejudiced by having to speculate as to what it is called upon to answer and defend against in this action. Accordingly, Plaintiff's Complaint should be dismissed.

### D. Plaintiff's Complaint Should Be Dismissed As it Fails to Allege a Valid Tender

As a matter of law, in order to challenge a foreclosure sale for any reason, or to set it aside, or to bring *any claim* that arises from a foreclosure sale, a plaintiff must allege proper tender. *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 (emphasis added.); *See also United States Cold Storage v. Great Western Savings & Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1222; *Karlsen v. American Savings & Loan Assoc.* (1971) 15 Cal.App.3d 112, 117.) The Second District California Appellate Court explained:

> This rule...is based upon the equitable maxim that a court of equity will not order a useless act performed....if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. *F.P.B.I. Rehab 01 v. E&G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021

The tender rule is strictly applied under California law. *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439 As a condition precedent to any action challenging a foreclosure, the borrower must tender or offer to tender a sum sufficient to cure the default. *Karlsen*, *supra*., 15 Cal.App.3d at 117 (judgment on the pleadings granted); *Arnolds Management Corp. v. Fisher* (1984) 158 Cal.App.3d 575, 578-579. Further, the tender must have been made in *good faith*; the party making the tender must have had the *ability to perform*; and the tender must have been *unconditional*. Cal. *Civ. Code* §1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform). The tender requirement extends to "any cause of action" arising from an alleged improper foreclosure. *Karlsen, supra*., 15 Cal.App.3d at 117; *Arnolds Management Corp. v. Fisher, supra*., 158 Cal.App.3d at 578-579.

-16-

Before challenging the validity of a foreclosure sale, a plaintiff must first tender and have the ability to tender the entire amount owing on the Deed of Trust. *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 (emphasis added.); *See also*, *United States Cold Storage v. Great Western Savings & Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1222; *Karlsen, supra*., 15 Cal.App.3d at 117.) All of Plaintiff's five causes of action in the Complaint are predicated on the theory that the foreclosure on the Property was wrongful, that the "wrongful" foreclosure must be overturned, and that the underlying 2024 Note and DOT are invalid (See RJN at **Exhibit L**). Because Plaintiff has not alleged proper tender or facts supporting the ability to tender, Plaintiff cannot prevail on any of her claims challenging the underlying 2024 Loan or the completed foreclosure sale on the Property. Plaintiff cannot amend her Complaint to correct this deficiency as her Schedule J indicates she has a negative monthly disposable income and no longer holds title to the Property (to refinance/sell) as the Property was sold at a pre-petition foreclosure conducted October 7, 2025 (See RJN at **Exhibits K and I**). This Court, therefore, should grant Defendants' Motion to Dismiss in its entirety.

**E. Plaintiff's Claim for TILA Rescission Fails**

*1. TILA Recission of the 2017 Loan Fails As It is Time Barred*

The Complaint makes a passing argument that Plaintiff rescinded the 2017 Loan (See RJN **Exhibit L**, Complaint at pg. 1, ¶ 3). This argument fails as it is time barred.

The statute of limitations on a TILA damage claim is "one year from the date of the occurrence of the violation." 15 U.S.C.§1640(e); *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F.Supp.2d 1034, 1039 (C.D.Cal.2008) (dismissing time-barred TILA claim for damages). Actions for rescission of a loan based on a lender's failure to make material disclosures during the inception of the loan, such as the amount, interest rate, right to rescind etc., must be brought within three years after the date of consummation of the transaction. 15 U.S.C. §1635(f). This operative statute of limitations for both damages and rescission claims runs "from the date of consummation" of the transaction, which generally is defined as the date on which the money is loaned to the debtor. *King v. State of Cal.,* 784 F.2d 910, 913 (9th Cir. 1986); *Garcia v. Wachovia Mortg*, 676 F.Supp.2d 895 (C.D. Cal. 2009). Plaintiff's 2017 Loan was made on May 15, 2017 and Plaintiff's current

-17-

DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 17 of 25

Complaint was not filed until November 24, 2025 (See RJN at **Exhibits A and L**); over eight (8) years later. Therefore, any and all of Plaintiff's claims for damages or rescission under TILA concerning the 2017 Loan are barred under both 15 U.S.C. §1640(e) and 15 U.S.C. §1635(f).

> ### 2. *TILA Recission of the 2024 Loan Fails On Multiple Grounds*

In her claim for violation of the Truth in Lending Act ("TILA") Plaintiff seeks damages and rescission of the 2024 Loan based on Defendant, Savings Bank's, alleged failure to make disclosures required by TILA, 15 U.S.C. § 1601–1693, and TILA's implementing regulation, known as "Regulation Z." 12 C.F.R. § 226. Plaintiff's claim fails on multiple grounds.

Plaintiff's Complaint indicates that the 2024 Loan was rescinded because "on or before February 27, 2027" she "mailed written notices of rescission" to Defendant Savings Bank, thereby making the October 7, 2025 foreclosure sale "void" and triggering TILA damages (See RJN **Exhibit L**, Complaint at pg. 1, ¶¶ 3-5). These threadbare allegations are nothing more than unsupported statements that fail to establish multiple critical elements to maintain causes of action for TILA damage or rescission claims including; i) the date the alleged rescission correspondence was tendered, and whether that falls within the required 3-day period (See 15 U.S.C § 1635(a) which provides borrowers an unconditional right to rescind a covered loan transaction until midnight of the third business day following consummation of the transaction or the delivery of the disclosure required by TILA, whichever is later); 2) whether the required TILA disclosures were or were not made to Plaintiff to extend the rescission right to the maximum three-year period (See 15 U.S.C. §1635(f)); 3) whether the 2024 Loan qualifies as "consumer credit transaction" covered by TILA, which as explained below it does not (See 15 U.S.C. § 1635(a) and § 1635(e)(2)) and 4) whether Plaintiff suffered any actual damages as a result of the alleged violation (See *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) ("in order to receive actual damages for a TILA violation,…a borrower must establish detrimental reliance…*i.e.,* any actual damage.")). Plaintiff's TILA claims therefore fail on their face and should be dismissed as the Complaint does not contain one iota of factual or evidentiary support to bolster the conclusory allegations that Defendants violated TILA.

Additionally, even if the Court could overlook Plaintiff's inadequate Complaint, her TILA claims would still fail as they are either exempt or time barred. The protections of TILA, including

the right to rescind, only applies to (a) a consumer credit transaction; (b) in which a security interest is or will be retained or acquired in any property; and (c) the property in which the security interest is acquired is used as the principal dwelling of the borrower. See, 15 U.S.C.§1635(a). Certain consumer credit transactions are exempt from section 1635(a) including loans which constitute a refinancing of the principal balance of an existing loan plus any accrued and unpaid finance charges by the same creditor secured by an interest in the same property unless additional advances of principal are included. See, 15 U.S.C. §1635(e)(2). The regulation implementing this provision of TILA provides: The right to rescind does not apply to ... a refinancing or consolidation by the same creditor of an extension of credit already secured by the consumer's principal dwelling [except] to the extent the new amount financed exceeds the unpaid principal balance, any earned unpaid finance charge on the existing debt, and amounts attributed solely to the costs of the refinancing or consolidation. 12 C.F.R. § 226.23(f)(2). Here, Plaintiff had the pre-existing 2017 Loan with Defendant Savings Bank (See RJN at **Exhibit A**). The 2024 Loan was a re-finance transaction wherein the proceeds were used to satisfy the 2017 Loan and Defendant Savings Bank recorded release of the 2017 DOT (See RJN at **Exhibit B**, 2024 DOT and **Exhibit C**, 2017 Lien Release). Accordingly, the entire balance of the 2024 DOT, including interest, fees and charges, cannot be rescinded under TILA as a matter of law. Likewise, any damage claims would be time-barred as the 2024 Loan was consummated on February 27, 2024 and this lawsuit was not filed until over a year later on November 24, 2025 (See 15 U.S.C. § 1640(e) requiring that a TILA damages claim be brought within 1 year from the consummation of the loan).

Moreover, to rescind or cancel the any loan under TILA, Plaintiff must either convey the Property to Defendants or its reasonable value. 15 U.S.C.A. § 1635 ("Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.") (emphasis added). "The purpose of rescission under TILA is to return both parties to the status quo." *Curtis v. Option One Mortgage Corp.*, 2010 WL 1729770 (E.D. Cal., Apr. 28, 2010) (citing *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9thCir.2003)). With particular respect to rescission under TILA, the Ninth Circuit has held that it is within the court's equitable

-19-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022   Doc# 9   Filed: 12/24/25   Entered: 12/24/25 11:12:44   Page 19 of 25

discretion to require that the borrower return the loan proceeds before the security instrument is reconveyed. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir.2003). "By far, the majority of Courts to address the issue recently have required that borrowers allege an ability to tender the principal balance of the subject loan in order to state a claim for rescission under TILA." *Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 901 (2009). This rule is in recognition of the principle that "[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention." *Karlsen v. American Savings & Loan Assoc.*, 15 Cal. App. 3d 112, 117 (1971); *Garza v. American Home Mortg.*, 2009 WL 188604, *5 (E.D. Cal., 2009) ("The complaint fails to hint that [plaintiff] is able to fulfill her [tender] obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d). Rescission is an empty remedy without [plaintiff's] ability to pay back what she has received"). Plaintiff has not alleged that she is ready, willing or able to tender the principal balance of the 2024 Loan to Defendants, as required to complete a TILA recission. In fact, Plaintiff cannot complete tender as her schedules in the Current BK Action evidence a negative monthly disposable income and pre-petition foreclosure divested her of any ability to sell/re-finance the Property to generate funds (See RJN **Exhibits K and I**).

Finally, even if all of the allegations in Plaintiff's Complaint were true (which they are not), any and all rights Plaintiff may have had to rescind the Loan were extinguished when foreclosure of the Property was completed on October 7, 2025 (See RJN at **Exhibit I**). The sale or transfer of a consumer's interest in property terminates the consumer's right to rescind. See 15 USCS §1635(f); 12 CRF §226.23, et seq., In order to terminate the right of rescission based on the sale of the property securing the mortgage loan, the sale need not be voluntary. Official Staff Commentary to Regulation Z, 12 C.F.R. §226.23(a)(3). The Official Staff Commentary promulgated by the Board of Governors of the Federal Reserve System specifically states, "a foreclosure sale would terminate an unexpired right to rescind." 15 U.S.C. §1635(f). See also *Calderon v. Endres,* 2009 WL 1953400 * 5 (S.D. Cal., July 7, 2009) ("However, the right of rescission under TILA terminates when the mortgage

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022   Doc# 9   Filed: 12/24/25   Entered: 12/24/25 11:12:44   Page 20 of 25

property is sold at a foreclosure sale."); *Mandrigues v. World Savings, Inc.,* 2009 WL 160213 *4 (N.D. Cal., January 20, 2009) ("Plaintiffs are correct that foreclosure, even though involuntary, is a "sale" within the meaning of 15 U.S.C. § 1635(f) and 12 C.F.R. § 226.23(a)(3) , and terminates TILA's extended three-year rescission period."). Accordingly, Plaintiff's TILA claims should be dismissed without leave to amend.

### F. Plaintiff's RESPA Allegations Fail to State a Claim

RESPA requires that loan servicers timely respond to borrowers' qualified written requests ("QWR") for information. 12 U.S.C. § 2605(e)(1)(A). To trigger an obligation to respond, a borrower's QWR must (1) reasonably identify the borrower's name and account; (2) state either the borrower's "reasons for the belief . . . that the account is in error" or "provide[ ] sufficient detail to the servicer regarding other information sought by the borrower"; and (3) seek "information relating to the servicing of [the] loan." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666 (9th Cir. 2012) (quoting 12 U.S.C. § 2605(e)(1)(A)-(B)).

RESPA provides a private right of action for failure to respond to a QWR only if the plaintiff suffered actual damages "as a result of the failure" to comply with § 2605. 12 U.S.C. § 2605(f)(1); see also *Glaser v. Nationstar Mortg., LLC*, No. 16-CV-07245-LB, 2017 WL 1861850, at *17 (N.D. Cal. May 9, 2017). The plaintiff must "point to some colorable relationship" between the injury and the alleged RESPA violation, and the injury must derive from that violation. See *Glaser*, 2017 WL 1861850, at *17.

The Complaint only makes a passing allegation that Defendant, Savings Bank, failed to timely provide "adequate responses" to Plaintiff's qualified written requests (See RJN **Exhibit L** Complaint, at ¶¶ 6-7). Plaintiff's allegations are wholly insufficient to maintain a cause of action for RESPA violations. First, they do not provide sufficient information to identify that the communications were in fact "qualified written request" under the statute, including but not limited to when they made the alleged requests. See 12 U.S.C. § 2605(e)(1)(B) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court should not accept as adequate "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 21 of 25

(2007). Additionally, Plaintiff does not allege that the "request" sought information as to the "servicing" of the loan, as defined by RESPA as required. See *Givant v. Vitek Real Estate Indus. Group, Inc.*, No. 11-03158, 2012 WL 2912357, *7 (E.D. Cal. July 16, 2012); *Esoimeme v. Wells Fargo Bank*, No. 10-2259, 2011 WL 3875881, *13 (E.D. Cal. Sept. 1, 2011) (dismissing RESPA Section 2605(e) claims that lacked supporting factual allegations showing how a purported communication constituted a "qualified written request" and how the defendant servicer had allegedly unlawfully failed to respond). Further, Plaintiff provides no details of how she was damaged related to the submission of her qualified written requests or how the lack of response to her request caused a quantifiable injury. As such, to the extent Plaintiff attempts to assert a RESPA claim, it therefore fails.

### G. Plaintiff's Claim for Wrongful Foreclosure Fails

Wrongful foreclosure is a common law tort claim. It is an equitable action to (1) set aside a foreclosure sale, or (2) an action for damages resulting from the sale on the basis that the foreclosure was improper. *Miles v. Deutsche Bank Nat'l Trust Co.* (2015) 236 Cal.App.4th 394, 408–409. The elements of a wrongful foreclosure cause of action are: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Id.* at p. 408. The allegations in the Complaint are insufficient to prove any of these elements. Plaintiff has not sufficiently alleged an illegal, fraudulent, or willfully oppressive sale; she does not allege that he tendered the amount of his debt; and she does not allege that he has suffered actual harm or prejudice.

Further, even if Plaintiff could somehow overcome the above, "mere technical violations of the foreclosure process" will not give rise to a claim; "the foreclosure must have been entirely unauthorized on the facts of the case." *Id.* at p. 409. To plead a cause of action for wrongful foreclosure, a plaintiff must plead prejudice. *Ram v. OneWest Bank, FSB*, 234 Cal.App.4th 1, 21

-22-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 22 of 25

(2015). In the context of a wrongful foreclosure action, prejudice is the harm inflicted by wrongdoing that interferes with a borrower's ability to pay on a note or leads to a foreclosure that would not have otherwise occurred. *See, e.g., Herrera v. Fed. Nat'l, Mortg. Ass'n*, (2012) 205 Cal.App.4th 1495, 1507–08. Here, Plaintiff has not, and cannot, allege that the trustee's sale was illegal, fraudulent, or willfully oppressive. Rather, Plaintiff's Complaint only alleges in conclusory fashion that the foreclosure was improper based upon her own erroneous understanding of TILA rescission and RESPA-related QWR responses. As detailed above, these allegations fail as a matter of law and as a result, this cause of action fails.

**H. Plaintiff's Claim for Objection to Proof of Claim Fails**

A filed proof of claim constitutes prima facie evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f). Such a proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a). *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). Here, Defendants have not filed a proof of claim. As this is a Chapter 7 case, secured creditors (like Defendant Savings Bank) need not file proofs of claim. Thus, it is unclear what "proof of claim" Plaintiff is objecting to. This cause of action appears to rest upon Plaintiff's meritless claim that the 2024 Loan is invalid under TILA and RESPA, which as detailed above fails on multiple grounds. Thus, this claim has no merit and should be dismissed.

**I. Plaintiff's Claim for Violation of the California Rosenthal Act Fails**

California's Rosenthal Fair Debt Collections Practice Act ("RFDCPA") was enacted "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal Civ. Code § 1788.1(b). The RFDCPA 1) defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection" Cal Civ. Code § 1788.2(c); 2) defines the term "debt collection" as "any act or practice in connection with the collection of consumer debts" Cal Civ. Code § 1788.2(b); 3) defines "consumer debt/credit" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction" Cal Civ. Code § 1788.2(f) and 4) defines "consumer credit transaction" as "a transaction between a natural person and

-23-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 23 of 25

another person in which property, services, or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal Civ. Code § 1788.2(e).

A debt collector violates RFDCPA when it engages in threats, use of profane language, or harassment; when it places telephone calls without disclosing the caller's identify; when it communicates to a third party that a debtor has engaged in conduct, other than failure to pay consumer debt, that the debt collector knows or has reason to believe will defame the debtor; and when it makes a false representation that a consumer debt may be increased by the addition of fees or other charges if such fees or charges may not be lawfully added to the existing debt. Id. §§ 1788.10; 1788.11(a), (b), (e); 1788.13(e). The RFDCPA requires a showing of actual misconduct, not just annoyance. *In re Landry*, 493 B.R. 541 (Bankr. E.D. Cal. 2013).

Plaintiff alleges that Defendant, Savings Bank, violated RFDCPA by wrongfully foreclosing on the 2024 Loan after Plaintiff's TILA rescission and submission of "multiple QWRs" (See RJN **Exhibit L** Complaint, at pg. 2, ¶¶ 12-15). The Complaint is devoid of any of the required allegations that Defendants engaged in threats, profane language, harassing behaviors, improper telephone calls, impermissible communications, made defamatory statement and/or improperly assessed charges to increase the debt. Plaintiff bears the burden to demonstrate the validity of her RFDCPA claim and her vague and conclusory assertions fail to meet such burden. Further, Plaintiff's wrongful foreclosure theory is predicated on her TILA rescission and RESPA violation theories, which as discussed above fail and therefore cannot form a basis for a RFDCPA violation. More importantly, a non-judicial foreclosure is not a debt collection activity governed by the RFDCPA, thereby providing a complete defense to the Complaint. See *Izenberg v. ETS Servs., LLC*, 589 F.Supp.2d 1193, 1198-99 (C.D. Cal. 2008) (dismissing plaintiff's RFDCPA claim based on allegedly wrongful foreclosure "[b]ecause foreclosure does not constitute debt collection under the [statutes], it does not appear that plaintiff can cure this deficiency").

## J. Leave to Amend Should Not Be Granted

Although leave to amend is freely given when justice so requires, a court may deny leave to amend when the court determines that the pleading could not possibly be cured by additional fact

allegations. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted). In assessing whether to grant leave to amend, courts consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *Ibid.* Futility alone can justify denial of leave to amend. *Ibid.*

In this case amendment would be futile because Plaintiff cannot allege additional facts to cure the deficiencies in the Complaint. As stated above, Plaintiff's entire complaint is barred by Plaintiff's lack of standing and complete financial inability to complete or truthfully allege tender. Additionally, the foundation of all of Plaintiff's causes of action rest on her alleged completion of a TILA rescission, which is inapplicable to the operative 2024 Loan because 1) it an exempt re-finance transaction; 2) Plaintiff has not and cannot tender; 3) the completed foreclosure curtails any further rescission right and/or 4) the claims are time-barred under the statute of limitations. No additional facts can revive Plaintiff's stale claims or cure these fatal deficiencies. If any portion could survive, amendment would still fail as to Defendant ZBS as ZBS is protected from liability by multiple statutes insulating non-judicial foreclosure trustees. Moreover, Plaintiff's claims fail as a matter of law as to all Defendants as Plaintiff has failed to tender, the 2024 Loan is exempt from compliance and/or the foreclosure activity was/is authorized.

## IV.  CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that the Court grant this Motion to dismiss Plaintiff's Complaint in its entirety without leave to amend.

DATED:  December 24, 2025                 ZBS LAW, LLP

                                          By:   */s/Nichole L. Glowin*
                                              Nichole L. Glowin, Esq.
                                              Attorneys for Defendants,
                                              SAVINGS BANK OF MENDOCINO
                                              COUNTY and ZBS LAW, LLP

-25-

**DEFENDANTS SAVINGS BANK OF MENDOCINO COUNTY AND ZBS LAW, LLP'S MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Case: 25-01022    Doc# 9    Filed: 12/24/25    Entered: 12/24/25 11:12:44    Page 25 of 25